GRAVES ET AL. v. SPINNEY, SHERIFF, ET AL.

[No. 10,291. Filed April 28, 1920.]

JUDGMENT.—*Judgment for Property or Money.—Voluntary Surrender of Property to Third Person.—Execution.—Injunction.*—Execution upon a judgment in favor of the owner of the building for the return of fixtures and personal property leased therewith, or in lieu of such return, for the payment of a designated sum, for the collection of the money judgment, cannot be enjoined upon the offer of the return of part of the property coupled with a showing that the remainder has been voluntarily surrendered to a stranger to the record, upon his claim of ownership by a conditional sale thereof by him to the judgment creditor.

From Newton Circuit Court; *James P. Wason,* Special Judge.

Action by Milton E. Graves and another against Arthur J. Spinney, sheriff of Newton county and another. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*T. B. Cunningham, Frank Davis* and *John A. Dunlap,* for appellants.

*S. C. Dwyer* and *William Darroch,* for appellees.

McMAHAN, J.—The appellee Albert DeFries, being the owner of a storeroom, fixtures and certain personal property used in said building, leased the same to Vernon Cyphers. Cyphers failed to pay the rent, and DeFries filed his complaint before a justice of the peace for the possession of the property described in the lease.

Pending that action and before trial, the appellants, Milton E. Graves and Albert D. Peck, on their application alleging that they had purchased the store fixtures and personal property from Cyphers, were made

defendants. Such proceedings were had in said action as resulted in a trial before a jury in the circuit court of Newton county and a verdict in favor of DeFries in the following language: "We the jury find for the plaintiff, that he is entitled to the possession and return of all the property mentioned in the complaint, and in lieu of the return, that he have judgment for $347.00 against all defendants." Judgment was rendered in the following language: "It is therefore considered and adjudged by the court that upon the failure of the defendants to deliver up to the plaintiff said property, the plaintiff recover of the defendants the sum of $347.00 and costs herein taxed at $......"

On October 10, 1916, DeFries caused an execution to be issued requiring the defendant Spinney, as sheriff, to collect the said judgment from the defendants Peck and Graves.

The complaint in the instant case is by Peck and Graves against the appellee Spinney, as sheriff, and the appellee DeFries to restrain the levying of said execution upon the property of appellants. The issues being closed, the cause was tried by the court and resulted in a judgment against the appellants.

Appellants contend that the decision of the court is not sustained by sufficient evidence. Their first contention is that the execution does not comply with the provisions of §724 Burns 1914, §682 R. S. 1881. There is no merit in this contention as the execution does not appear to have been introduced in evidence, and appellants have wholly failed to call our attention to any defect in its form.

The evidence discloses that there were forty-one separate items or articles of fixtures and personal property involved in the original action, wherein appellee DeFries was plaintiff and Cyphers and the appellants were defendants. The judgment in that case was that DeFries

was entitled to recover all of the real estate, fixtures and personal property described in the complaint, and that, upon the failure of the defendants therein to deliver said property, DeFries should recover from them the sum of $347. Appellants made an effort to return part of the property and attempted to excuse their failure to return all of it by offering to prove that, after the rendition of the judgment in the former case, some of the fixtures were taken from them by a third party who claimed to be the owner by reason of having sold them to DeFries on a conditional bill of sale, which, they say, provided that the title should not vest in DeFries until he had paid for such property. It appears from the appellant's statement of the record and from the evidence that, after the judgment had been rendered, appellants voluntarily surrendered a material part of the fixtures to a stranger, and they now asked that DeFries be compelled to accept the balance of the property in lieu of the money judgment. This they cannot be permitted to do. The court correctly held that appellants, having voluntarily put it out of their power to return a material part of the property which the court adjudged should be returned, cannot now enjoin the collection of the money judgment.

We find no error in the record. Judgment affirmed.